NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVETTE CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, DEPARTMENT OF CHILDREN AND FAMILIES, DIVISION OF CHILD PROTECTION AND PERMANENCY, *et al.*<br><br>Defendants. | Civil Action No.: 16-0703 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Presently before the Court is a motion to dismiss Plaintiff Yvette Cruz's Complaint, filed by Defendants the New Jersey Department of Children and Families, the Division of Child Protection and Permanency ("DCPP"), and individual employees of the DCPP, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). Specifically, Defendants seek to dismiss Count IV of Plaintiff's Complaint for defamation/libel, as well as the retaliation claim alleged in Count II.[1] Plaintiff has opposed this motion (ECF No. 5), and Defendants have replied to that opposition (ECF No. 7). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the motion, the Court grants Defendants' motion to dismiss Plaintiff's claims of retaliation under the New Jersey Law Against Discrimination, arising under Count II, as well as Plaintiff's claim of defamation/libel (Count IV).

---

[1] Defendants have withdrawn their prior motion to dismiss Plaintiff's claim for discrimination under the NJLAD, also alleged in Count II of the Complaint. (ECF No. 7, "Def.'s Reply Br." at 8).

1

I.  **BACKGROUND**[2]

Plaintiff, an employee of the DCPP, filed this lawsuit against the DCPP and several of its employees,[3] alleging discriminatory and retaliatory conduct in violation of Federal and New Jersey State laws. Specifically, Plaintiff alleges violations of Title VII of the Civil Rights Act, the New Jersey Law Against Discrimination ("NJLAD"), and the Conscientious Employee Protection Act ("CEPA"). Plaintiff also brings a common law claim for defamation/libel. (See ECF No. 1-1, "Compl.").

On March 12, 2012, Plaintiff was hired by the DCPP as a Family Service Specialist Trainee. (Compl. ¶ 5). After completing the probationary period, on March 23, 2012, her title was changed to Family Service Specialist II. (Id. ¶ 6). Plaintiff alleges that though she was never formally designated a bilingual specialist within DCPP by use of their Bilingual Communications Assessment Test ("BICAT"), she was informally and non-contractually designated as a "bilingual" employee within her office because she spoke Spanish. (Id ¶ 7). Specifically, on or about August or September 2013, Defendant Susan Jones, a branch office manager, held a meeting to discuss assigning employees—including Plaintiff—who had been informally designated as "worker[s] with bilingual capabilities" to cases within the agency that involved Spanish-speaking clients. (Id. ¶¶ 8-9.) Plaintiff alleges that, at that meeting, she and other bilingual employees objected to this re-assignment because it increased the workload of Spanish speakers, who were predominantly Hispanic or Latino, while decreasing the workload of non-Spanish speakers. (Id ¶ 10). As a direct

---

[2] The facts as stated herein are taken as alleged in Plaintiff's Complaint. (ECF No. 1-1, "Compl."). For purposes of this motion to dismiss, these allegations are accepted by the Court as true. See *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("The District Court, in deciding a motion [to dismiss under Rule] 12(b)(6), was required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff].").

[3] Plaintiff has brought suit against the following employees, in their individual and official capacities: Susan Jones-Tinney (improperly pled as Susan Tinney-Jones), Maria Ojeda, Loretta Houston, Renatta Aikens, and Linda Macnamara.

2

result of this change in office policy, Plaintiff claims she suffered an increased workload, a hostile work environment with her co-workers, differential treatment with regard to vacation time and other work benefits, and denial of time off should there be no other bilingual workers working on requested days. (*Id* ¶¶ 10-11).

On March 11, 2014, Plaintiff faxed an anonymous complaint to the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 13). Around May 2014, the EEOC began an investigation into Plaintiff's complaint. (*Id.* ¶ 14.) Plaintiff further alleges that, after filing the EEOC complaint, she suffered various forms of retaliation in the workplace. (*Id* ¶¶ 15-18). Plaintiff contends that on August 4, 2014, she suffered defamation and libel at the hands of Defendant Maria Ojeda by way of a retaliatory interoffice memorandum that accused Plaintiff of "incompetency, inefficiency, and failure to perform her duties." (*Id.* ¶¶ 16, 45-46). On February 23, 2015, Plaintiff's counsel wrote a letter to Jillian Hendricks, the director of the Equal Employment and Affirmative Action Office for the State's Department of Children and Families, informing Ms. Hendricks of Plaintiff's treatment as a result of the EEOC investigation and advising the EEOC of Plaintiff's intent to sue should the EEO investigation yield no improvement in office environment. (See ECF No. 5, "Pl.'s Opp. Br.", Exh. A).

Plaintiff filed her original Complaint on or about July 13, 2015, in the Superior Court of New Jersey, Law Division. (ECF No. 1 ¶ 2). Defendant thereafter removed this action to the Federal District Court for the District of New Jersey on the grounds of federal question jurisdiction. (*Id.* ¶ 8). For the arguments detailed below, Defendant now moves to dismiss the retaliation claim alleged in Count II of Plaintiff's Complaint, as well as Plaintiff's claim for defamation/libel as alleged in Count IV. (ECF No. 4, "Def.'s Mov. Br."). Plaintiff has opposed this motion (ECF No.

4, "Pl.'s Opp. Br."), and Defendants have replied to that opposition (ECF No. 7, "Def.'s Reply Br.").

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

It not the role of the Court to determine whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). The Court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## III. DISCUSSION

### A. Plaintiff's Defamation/Libel Claim (Count IV) is Dismissed for Failure to Comply with the New Jersey Tort Claims Act's Notice Requirement

Defendant seeks dismissal of Plaintiff's tort claims for defamation/libel, arguing that Plaintiff has not provided Defendants with a timely notice of claim as required under the New

4

Jersey Tort Claims Act ("NJTCA"). (Def.'s Mov. Br. at 5-6). The Court agrees that dismissal of Count IV is warranted.

The NJTCA outlines the procedural requirements for filing a tort claim for damages against a public entity or public employee. N.J. Stat. Ann. § 59:8-3. Specifically, prior to filing a lawsuit, and within ninety days after the cause of action accrues, a plaintiff is required to present a written notice of claim to the public entity or public employee. *Id.* § 59:8-8. Among other information, the notice of claim should identify the claimant, specific information regarding the basis of the claim, "[a] general description of the injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim," and an amount of damages that the claimant is seeking. *Id.* § 59:8-4. After filing the notice of claim, an employee must allow six months to pass prior to filing her lawsuit. *Id.*

The Court considers Defendants' argument that Plaintiff failed to comply with the NJTCA in the specific context of Plaintiff's libel/defamation claim. This claim arises out of an August 4, 2014 interoffice memorandum which "accused the [P]laintiff of incompetency, inefficiency, and failure to perform duties." (Compl. ¶ 45). According to Plaintiff, "the interoffice memorandum had the effect of damaging [P]laintiff's reputation with her co-workers and her supervisors," resulting in a "loss of reputation, mental anguish, emotional distress, humiliation, embarrassment and other damages." (*Id.* ¶ 47).

Plaintiff's defamation/libel claim accrued on August 4, 2014, the date on which the interoffice memorandum containing allegedly libelous content was circulated. *See Churchill v. State*, 876 A.2d 311, 316 (N.J. Super. Ct. App. Div. 2005) (noting that a cause of action for publication of libel accrues when the document is published). Therefore, pursuant to the NJTCA, Plaintiff had ninety (90) days from the date the memorandum was circulated to file a notice of

5

claim. *See* N.J. Stat. Ann.. § 59:8-8. Thus, in order to preserve her right to sue for defamation/libel, Plaintiff was required to file a notice of claim prior to November 2, 2014. Plaintiff has not offered any evidence that a notice of claim was filed prior to this date. Instead, Plaintiff maintains, and Defendant refutes, that a February 23, 2015 letter from Plaintiff's attorney to the Director of the Equal Employment Opportunity Office within the State's Department of Family Services satisfies the notice of claim requirement. (Pl.'s Opp. Br. at 10-12; Def.'s Reply Br. at 1-5). However, because the Court finds that Plaintiff's claim is barred for failure to file a timely notice of claim, the Court need not consider whether the February 23, 2015 letter is compliant with the NJTCA's substantive notice requirements.

The NJTCA provides that, with limited exceptions not applicable here, a "claimant shall be forever barred from recovering against a public entity or employee if . . . [t]he claimant failed to file the claim with the public entity within 90 days of accrual of the claim . . . ." N.J. Stat. Ann. § 59:8-8a. Accordingly, the Court dismisses Plaintiff's tort claim for defamation/libel *with prejudice*.

### B. Plaintiff's Retaliation Claim Under the New Jersey Law Against Discrimination is Dismissed Pursuant to the Conscientious Employee Protection Act's Waiver Provision.

Defendant seeks dismissal of Plaintiff's retaliation claim under the NJLAD, arguing that this claim is waived by Plaintiff's claim of a violation of the Conscientious Employee Protection Act ("CEPA"), which bars duplicate State law actions that are based on the same set of facts as the CEPA retaliation claim. (Def.'s Mov. Br. at 7-8). The Court agrees that Plaintiff's NJLAD retaliation claim is properly dismissed as waived under CEPA.

The CEPA statute was enacted in 1986 "to protect public employee who 'blow the whistle' on governmental organizations or employees engaged in wrongful conduct from retaliatory

6

action." *Baldassare v. State of N.J.*, 250 F.3d 188, 202 (3d Cir. 2001) (citing *Abbamont v. Piscataway Bd. of Educ.*, 650 A.2d 958, 964 (N.J. 1994)). CEPA includes a waiver provision which provides, in pertinent part, that "the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under common law." N.J. Stat. Ann. § 34:19–8. Furthermore, the New Jersey Supreme Court has specifically interpreted the scope of this waiver as it applies to State law claims, stating that:

> [O]nce a CEPA claim is "instituted," any rights or claims for retaliatory discharge based on a contract of employment; collective bargaining agreement; State law, whether its origin is in the Legislature, the courts, the common law or rules of the court; or regulations or decisions based on statutory authority, are all waived. The waiver exception contains a list of sources of law that may provide a bundle of rights protecting employees from retaliatory discharge. Parallel claims based on those rights, privileges and remedies are waived because they represent multiple or duplicative claims based on retaliatory discharge.

*Young v. Schering Corp.*, 660 A.2d 1153, 1160 (N.J. 1995). In short, the State Supreme Court held that "[t]he waiver exception does not apply to those causes of action that are *substantially independent* of the CEPA claim." *Id.* (emphasis added); *see also See Baldassare*, 250 F.3d at 202 (holding that dismissal is appropriate where plaintiff's state law claims arise from the same set of facts surrounding his CEPA retaliation claim as CEPA prohibits litigating duplicative claims).

Thus, the issue before this Court is whether Plaintiff's NJLAD retaliation claim is "substantially independent" of her CEPA claim. Defendant argues that Plaintiff's NJLAD retaliation claim is "duplicative of Plaintiff's retaliation claim under CEPA." (Def.'s Reply Br. at 8). According to Plaintiff, the separate retaliation claim under the NJLAD is properly plead. (Pl.'s Opp. Br. at 7-9). In support of this position, Plaintiff summarily states that her "Complaint is adequately plead to present NJLAD causes of action that are substantially independent from the referenced CEPA claims." (*Id.* at 8).

7

A review of Plaintiff's Complaint demonstrates that Plaintiff's claims of NJLAD retaliation and CEPA violations are duplicative. By way of background, Plaintiff alleges that after the EEOC conducted an investigation into Plaintiff's complaint, [P]laintiff was subjected to various forms of retaliation." (Compl. ¶¶ 13-15). The Complaint further provides that:

> As a result of the EEOC complaints regarding discrimination in the work place, [P]laintiff has been retaliated against by her supervisors. The retaliation has taken the form of, *inter alia*, harassment, unfair treatment, receiving a higher volume of cases (including cases that are deemed undesirable by others) and lower than appropriate performance reviews.

(*Id.* ¶ 18).

In Count II, Plaintiff alleges that Defendants retaliated against her in violation of the NJLAD by assigning her undesirable cases "when [she] sought to assert her rights under the statues and laws under the state of New Jersey and of the United States." (*Id.* ¶ 36). With regards to her retaliation claim arising under CEPA, Plaintiff states that "Defendants violated the CEPA by retaliating against [P]laintiff when acts of discrimination prevented by state and federal statue were brought to the attention of a public body, namely the EEOC." (Id. ¶ 41). Plaintiff goes on to state that "[s]ubsequent to [P]laintiff bringing to light the discrimination and disparate treatment of Hispanic and Latino co-workers . . . workers with supervisory capacity over [P]laintiff began retaliating against her. The retaliation took various forms and occurred on several different occasions." (Id. ¶ 42).

In short, based upon a reading of the entire Complaint, Plaintiff alleges (with respect to both the NJLAD and CEPA claims) that she suffered retaliation as a result of filing an EEOC complaint. Therefore, the Court agrees with Defendant that Plaintiff's allegations of NJLAD retaliation and CEPA violations are not "substantially independent." *Young*, 660 A.2d at 1160.

Accordingly, the Court will dismiss Plaintiff's claim for retaliation under the NJLAD as waived by her claim under CEPA.

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss Plaintiff's claims of defamation/libel and retaliation under the NJ LAD. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: April 4, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE